# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**TERESA BREWINGTON,**

       **Plaintiff,**

   v.

**BOSTON SCIENTIFIC CORP.,**

       **Defendant.**

**Case No. 2:17-cv-1082**
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

This is a product liability case under Ohio law arising from the implantation of the Greenfield inferior vena cava filter brought against Boston Scientific Corporation, the filter's manufacturer. Before the Court are Defendant's Motion to Dismiss (ECF No. 14), Plaintiff's Memorandum in Opposition and Request for Leave to Amend the Complaint (ECF No. 17), and Defendant's Reply in Support. (ECF No. 18.) For the reasons that follow, Defendant's Motion is **DENIED as MOOT** and Plaintiff's request for leave to amend is **GRANTED**.

## I.

The inferior vena cava ("IVC") is a vein that returns blood to the heart from the lower extremities. (Compl. ¶ 19.) In some individuals, blood clots or 'thrombi' travel from the blood vessels in the leg and pelvis, through the IVC and into the lungs, causing a pulmonary embolism. (*Id.*) The thrombi can also develop into the deep leg veins and are referred to as deep vein thrombosis ("DVT"). Doctors may treat individuals who are at high risk of a pulmonary embolism or DVT with implantation of an IVC filter when anticoagulants are contraindicated. (Compl. ¶ 21.)

On or around September 21, 2009, Plaintiff Teresa Brewington ("Plaintiff") was hospitalized for recurrent DVTs and pulmonary embolisms. While hospitalized, doctors surgically implanted Plaintiff with an IVC filter, specifically, the Greenfield Filter. (Compl. ¶ 41.) Plaintiff alleges that Defendant sold and distributed the Greenfield Filter defectively "due to the inadequate warnings, instructions, labeling, and/or inadequate testing in light of Defendant's knowledge of the product's failure and serious adverse events." (Compl. ¶ 54.) As a result, Plaintiff claims that she "is at risk of suffering from serious health complication due to the long-term implant of the filter." (Compl. ¶ 55.) Plaintiff further contends that she suffers from "severe injuries" including "economic damages, severe permanent injuries, emotional distress and the psychological trauma of living with a defective product implanted in Plaintiff's body." (Compl. ¶ 57.)

Plaintiff alleges claims for negligence, defective design, manufacturing defect, failure to warn, breach of express warranty, breach of implied warrant of merchantability, breach of implied warranty of fitness, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation. Defendant moves to dismiss all counts for failure to state a claim. In response, Plaintiff requests leave to amend her Complaint.

## II.

Under Federal Rules of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of

permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

## III.

Throughout her Memorandum in Opposition to Defendant's Motion to Dismiss, Plaintiff requests leave to amend her Complaint. (*See* Response in Opp.) In one instance, Plaintiff concedes that her negligence claim, as pled in her Complaint, is preempted by the Ohio Product Liability Act ("OPLA"), but asks the Court to allow her to re-plead her claim under the applicable provision of OPLA. (Response in Opp. at 11.) Plaintiff likewise acknowledges that her claims for breach of express and implied warranties were pled with similar deficiencies. (Response in Opp. at 12.) She cites *Mitchell v, Proctor & Gamble*, Case No. 2:09-cv-426, 2010 U.S. Dist. LEXIS 17956, at *15 (S.D. Ohio March 1, 2010) in support of the Court allowing her to amend. In *Mitchell*, the Court granted defendant's motion to dismiss without prejudice, allowing plaintiff to properly re-plead his claims under OPLA and with the "further factual enhancement" needed. *Id.*

In response, Defendant conclusively asserts "Plaintiff should not be given leave to amend. She had an opportunity to amend after receiving Boston Scientific's Motion to Dismiss, yet chose not to do so. [] Plaintiff has not stated what she would allege if permitted to re-plead." (Reply in Support at 12, ECF No. 18.) Although Plaintiff did not file a separate motion to amend, her response to Defendant's Motion to Dismiss includes her request for leave to amend. Plaintiff has thus requested leave in a timely manner, with no undue delay. Defendant does not

3

suggest that amendment would be futile. Indeed, the majority of Defendant's Motion to Dismiss is based on the premise that Plaintiff failed to properly plead or conclusively pled her claims, not that Plaintiff cannot plead her claims. Thus, while Plaintiff needs to expand her factual allegations and properly plead certain claims under the proper OPLA provision, there is nothing to indicate that she cannot do so.

Additionally, there is no indication that Defendant would be prejudiced by the proposed amendment. There is no suggestion of bad faith on the part of Plaintiff, this is the first amendment sought by Plaintiff, and there is also no indication that Plaintiff's amended allegations will unfairly recast the essential nature of the case. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Accordingly, Plaintiff's request to amend her Complaint is **GRANTED** and Defendant's Motion to Dismiss is **DENIED as MOOT**.

**IT IS SO ORDERED.**

_5-4-2018_
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**